

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| APRIL AGEE, CASSILLIE ALLEN PAMELA M. ALLEN, CHERYL ANTHONY, DERRICK L. BURBER JAMES WESLEY BARNETT, PAULA M. BASS, CALVIN BOLAR ROBERT THOMAS DUNN AND CHRIS HOOD, On behalf of themselves and All Others Similarly Situated<br><br>VS.<br><br>WAYNE FARMS, L.L.C., CONTINENTAL GRAIN COMPANY d/b/a WAYNE FARMS, L.L.C. | § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 2:06cv268KS-MTP<br>JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1.  Pursuant to 29 USC § 207 ("FLSA"), the named plaintiffs as hourly, non-exempt employees allege violations of their statutory employment right to receive pay for all compensable time worked and overtime for Defendant, Wayne Farms, L.L.C., Continental Grain Company, d/b/a Wayne Farms, L.L.C. (Collectively hereinafter "Wayne Farms"). Pursuant to 29 USC § 216(b), the named plaintiffs also seek to represent all other similarly situated past and present employees, as described herein, who have not been paid for all compensable time worked and overtime and to have this action certified as a collective action. For themselves and all those similarly situated, the named employees seeks their unpaid hours worked, unpaid overtime,

liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2. Plaintiffs, April Agee, Cassillie Allen, Pamela M. Allen, Cheryl Anthony, Derrick L. Burber, James Wesley Burnett, Pamela M. Bass, Calvin Bolar, Robert Thomas Dunn and Chris Hood are individuals residing in Mississippi and Alabama and are present/former employees at the Wayne Farms chicken processing and production plants in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia. Plaintiffs' written consents to this action are attached hereto as Exhibit A. The Plaintiffs bring this action individually in their own behalf and, pursuant to 29 U.S.C. §216(b), as representatives of a class of individuals who are similarly situated and who have suffered the same or similar damages.

3. Defendant, Wayne Farms, L.L.C. and Continental Grain Company, d/b/a Wayne Farms, L.L.C. are Delaware Corporations conducting business in the State of Mississippi, Alabama, Georgia, North Carolina and Arkansas. Said Defendant may be served by delivering the summons and complaint to its registered agent for service, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

## JURISDICTION AND VENUE

4. This court has jurisdiction by virtue of 28 U.S.C. §1331 and §1337. The Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act and has personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims have occurred within the Southern District.

## FACTS

5. Since December 13, 2003, Plaintiffs were employees at Wayne Farms chicken processing and production facilities located in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia. The Plaintiffs' jobs required that they put on or "don" protective clothing as well as sanitize certain protective garments in preparation for their performance of their duties. At the end of their shift, Plaintiffs were required to take off or "doff" the same protective and sanitary clothing. The evidence at trial will show that Plaintiffs were not compensated for the time spent in "donning" and "doffing" the protective and sanitary clothing mentioned above. The evidence at trial will also show that Wayne Farms automatically deducted thirty minutes from each worker's workday for a meal break regardless of the actual time spent on their meal break. In addition, Plaintiffs allege that they were not paid overtime wages at one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a work week.

6. The uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiffs' job as required by Wayne Farms and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. This includes time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Wayne Farms to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in

proceeding through security devices strictly and solely for the benefit of the employer, Wayne Farms, before being allowed to exit the workplace. The work time spent by the Plaintiffs in engaging in the aforesaid activities was not compensated in violation of the aforesaid federal statutes.

7. Plaintiffs regularly and consistently worked more than 40 hours per week with the knowledge of Wayne Farms for the work activities described herein and for which Wayne Farms did not pay Plaintiffs for such time. Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay the lawful and required overtime rate for hours worked beyond 40 per week to employees in the United States in violation of the FLSA statutes referenced herein.

8. Finally, Plaintiffs claim that they were was not paid the correct hourly rate or that their wages were not calculated properly.

9. Plaintiffs believe and, therefore, allege that the failure of Wayne Farms to correctly pay Plaintiffs for all compensable time spent in furtherance of Wayne Farms business was intentional.

## CLAIMS

10. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) is commonly referred to as "FSLA." Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiffs allege that the failure to pay Plaintiffs for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiffs allege that the failure to pay Plaintiffs one and one-half her regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the

FLSA statutes and regulations. Plaintiffs are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

11. Pursuant to 29 U.S.C. § 216(b) the named Plaintiffs also brings this action as a collective action. The named Plaintiffs are representative of a class of employees of Wayne Farms, who were not paid for all hours worked for Wayne Farms as described herein. Plaintiffs have actual knowledge that there are numerous employees who were not paid for all hours worked for Wayne Farms as described herein.

12. All, or virtually all, of the legal and factual issues that will arise in litigating the class claims will be common to the class members and the named Plaintiffs. These issues include: uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiff's jobs as required by Wayne Farms and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. These issues also include: time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Wayne Farms to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in proceeding through security devices strictly and solely for the benefit of the employer Wayne Farms before being allowed to exit the workplace. For the last several years, Wayne Farms has employed hundreds of employees in Morgan, Coffee, Marshall and Bullock Counties in

Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.

13. The questions of law and fact are common to the class. The failure to pay its employees for the compensable time spent in furtherance of Wayne Farms business was common to all hourly employees at the Wayne Farms plants in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia. The Plaintiffs' claims arise from the same course of conduct.

14. Plaintiffs, April Agee, Cassillie Allen, Pamela M. Allen, Cheryl Anthony, Derrick L. Burber, James Wesley Burnett, Pamela M. Bass, Calvin Bolar, Robert Thomas Dunn and Chris Hood requests that they be permitted to serve as representatives of the affected class, and this action should be certified as a collective action.

## JURY DEMAND

15. Plaintiffs, individually and as representatives of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the case be certified as a collective action and that the Plaintiffs and each member of the class recover from Wayne Farms, the following:

1. The unpaid wages due to Plaintiffs;

2. Liquidated damages authorized by the applicable statutes;

3. Unpaid wages due to all class members;

4. Liquidated damages to all class members;

5. Court costs;

6. Attorneys' fees; and

7. Such other and further relief as the Court deems just.

Respectfully submitted,

Seth M. Hunter
Mississippi Bar No. 101145
Attorney & Counselor at Law, PLLC
404 Hemphill Street
Hattiesburg, Mississippi 39401
Telephone: (601) 450-8682
Facsimile: (601) 450-8683

*ATTORNEY FOR PLAINTIFFS*