IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| APRIL AGEE, CASSILLIE ALLEN, et al., on behalf of themselves and all others similarly situated | PLAINTIFFS |
| v. | No. 2:06cv268KS-MTP |
| WAYNE FARMS, L.L.C. | DEFENDANT |
| | **consolidated with** |
| EULA M. KEYES, KENYATTA GARDNER, AND SHERICA WILLIAMS on behalf of themselves and others similarly situated | PLAINTIFFS |
| v. | No. 2:07cv29KS-MTP |
| WAYNE FARMS, L.L.C. | DEFENDANT |

## ORDER DENYING MOTION TO QUASH SUBPOENA

This matter is before the court on the motion to quash subpoena [103] filed by the *Agee* plaintiffs, and the court having considered the motion, the response and the reply, as well as applicable law, finds that the motion should be denied.

Plaintiffs filed this motion in response to a subpoena issued by defendant to MCM Services Group, LLC ("MCM"), seeking "[a]ny and all advertisements, call center intake records, call center intake questionnaires, prospect intake sheets, lead profiles, and any and all information entered into [MCM's] lead management program (LEAP) database related to any former or present employee of Wayne Farms LLC." *See* Exhibit A to motion to quash. According to the Declaration of Todd Bassinger, MCM's CEO and General Counsel, MCM was retained by Greg Jones, co-counsel for the potential plaintiffs, "to place advertisements and answer phone calls

from potential plaintiffs who have responded to such advertisements." *See* Exhibit C to motion to quash. The dispute between the parties centers around a standard form questionnaire completed over the telephone at MCM's call center. *See* Exhibits 1 and 2 to defendant's response to motion to quash. Plaintiffs argue that these documents are protected by the attorney-client privilege and/or the work product doctrine and, therefore, the subpoena should be quashed.

Plaintiffs, as the party asserting a claim of privilege, have the burden of establishing that the documents sought by defendant are, in fact, privileged.[1] *See*, *e.g.*, *U.S. v. Rodriguez*, 948 F.2d 914, 916 (5th Cir. 1991) ("The burden of establishing privilege rests on the party who invokes it."); *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) ("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability.").

In order to invoke the attorney-client privilege, plaintiffs must establish the following elements: 1) the asserted holder of the privilege is or sought to become a client; 2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with the communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of serving primarily either (i) an opinion on law or (ii) legal service or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client. *U.S. v. Impastato*, 2007 WL 2463310, at * 2 (E.D. La. Aug. 23, 2007) (*citing U.S. v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978)).

As noted above, the first element of the privilege is an existing or prospective attorney-client relationship. A finding of such a relationship "hinges upon the client's belief that he is

---

[1] Because this case concerns the adjudication of federal rights (under the Fair Labor Standards Act), the federal common law of privilege applies. *Willy v. Admin. Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005).

consulting a lawyer in that capacity." *Morisky v. Public Serv. Elec. & Gas Co.*, 191 F.R.D. 419, 424 (D.N.J. Feb. 23, 2000). Here, even assuming that plaintiffs' attorneys had sufficiently established the existence of an agency relationship between themselves and MCM, they have failed to establish that the employees were clients or sought to become clients at the time they provided the information to MCM. *See id.* at 423 (pre-litigation questionnaires distributed to prospective class members by plaintiffs' attorneys not privileged where they could not establish that employees who completed questionnaire were clients or sought to become clients when they returned questionnaires); *Schiller v. City of New York*, 2007 WL 1498059, at * 4 (S.D.N.Y. May 23, 2007) (questionnaires distributed by New York Civil Liberties Union ("NYCLU") not privileged where NYCLU "offered no evidence that any person who completed a questionnaire believed at the time that he or she was seeking representation by the NYCLU").

The only information provided to this court in support of the privilege claim is that MCM was hired by plaintiffs' attorney to place advertisements and answer calls in response. No information has been provided concerning the nature of those advertisements. No information has been provided concerning the substance of the communications between MCM and the employees both before and at the time the information was received. In particular, plaintiffs cannot establish that the employees were told that their responses would be considered confidential attorney-client communications.[2] *See Schiller*, 2070 WL 1498059, at * 5. Nor have any affidavits have been provided from the employees indicating that they believed they were seeking legal advice or representation when they contacted MCM. *See id.* at * 5. And there is no indication that

---

[2] To the contrary, under the "Privacy Policy" on MCM's website, attached as Exhibit 2 to defendant's response to the motion to quash, it is stated: "Also, though we have connections to many law firms and serve as an intermediary between them, we are not lawyers and information you give us can not be considered protected by an attorney-client relationship."

3

plaintiffs' attorneys communicated with any of these prospective plaintiffs prior to their contacting MCM and providing the information in the questionnaires.  *See Morisky*, 191 F.R.D. at 423; *see also Gates v. Rohn Haas Co.*, 2006 WL 3420591, at * 5 (E.D. Pa. Nov. 22, 2006) (finding that this fact weighed against finding an attorney-client relationship).  It is not even clear whether the instant lawsuit had been filed at the time the questionnaires were completed.  *See Morisky*, 191 F.R.D. at 423; *Gates*, 2006 WL 3420591, at * 5.

In cases where courts have found that preliminary questionnaires were privileged, they have done so on the basis of far more indicia that an attorney-client relationship was being formed than in the instant case.  *See*, *e.g.*, *Gates*, 2006 WL 3420591, at * 5 (holding questionnaires distributed to potential class members privileged based on fact that attorneys organized meeting where questionnaires were distributed, persons not seeking legal advice or representation instructed to leave meeting, and individuals who completed questionnaires received them directly from and returned them to attorneys); *Vodak v. City of Chicago*, 2004 WL 783051, at * 2-3 (N.D. Ill. Jan. 16, 2004) (finding questionnaire privileged because it was distributed at a meeting whose purpose was to provide legal information and representation if desired, only those people seeking legal representation or advice were requested to complete the form, the forms were immediately utilized to provide legal representation, and information in questionnaires was kept confidential and provided only to lawyers who represented the individuals in court).  The court therefore finds that plaintiffs have failed to meet their burden of establishing that the requested documents are protected by the attorney-client privilege.

The court also finds that plaintiffs have failed to meet their burden of establishing that the documents are protected by the work product doctrine.  The doctrine of work product is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides that a party generally

cannot discover documents "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent." *See also In re Vioxx Products Liability Litigation*, 2007 WL 2309877, at * 19 (E.D. La. Aug. 14, 2007) ("The doctrine of work product...gives a qualified immunity to communications that are created in preparation for litigation.").  First, plaintiffs have failed to show that the questions on the questionnaire were created in anticipation of litigation or, for that matter, who created them.  In addition, as for the answers to the questions, these are clearly facts which are not themselves protected by the work product doctrine.  *See In re Int'l Sys. & Controls Corp.*, 693 F.2d 1235, 1240 (5th Cir. 1982) ("We know that the work product immunity protects only the documents themselves and not the underlying facts."); *see also Gates*, 2006 WL 3420591, at * 5 ("the purely factual information contained on the completed questionnaires is not protected [by work product]"); *Morisky*, 191 F.R.D. at 425 (rejecting work product claim because "[t]he completed questionnaires are simply fact statements provided by 141 PSE & G employees before any attorney ever communicated with them).[3]

Finally, the court notes that plaintiffs have failed to produce a privilege log, as required by Rule 26.1(A)(1)(c) of the Local Rules.  Indeed, if plaintiffs had not inadvertently filed a

---

[3] Mr. Bassinger's assertions that "[a]ny and all communications between MCM and potential plaintiffs, including all call center intake records, were made for the purpose of facilitating the rendition of professional legal services by Plaintiffs' attorneys" and that "such communications and intake records assisted Plaintiff attorney's preparation for litigation" are clearly insufficient to meet plaintiffs' burden.  So too are Mr. Jones' almost identically-worded assertions in his Declaration.  A privilege claim "requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified." *Auto Club Family Ins. Co. v. Ahner*, 2007 WL 2480322, at * 5 (E.D. La. Aug. 29, 2007) (citation omitted). "To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion...[which] "forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim...." *Id.* (citation omitted).

5

completed questionnaire as an attachment to a notice of consent [96], defendant might still not know about the questionnaire at all.  This failure to provide a privilege log is, on its own, sufficient to warrant a finding that any privilege, even if it had been established by plaintiffs, has been waived.  *See* Local Rule 26.1(A)(c) ("To withhold materials without such notice [a privilege log] subjects the withholding party to sanctions under Fed. R. Civ. P. 37 and may be viewed as a waiver of the privilege or protection."); *see also Coldwell Banker Real Estate Corp. v. O'Neal*, 2006 WL 3845011, at * 1 (E.D. La. Dec. 29, 2006) ("In other contexts in which a privilege log is required, failure to provide the log has resulted in a finding that any privilege has been waived.") (citations omitted); *Morisky*, 191 F.R.D. at 426-27 (noting that it was "particularly dismayed" by plaintiffs' failure to disclose existence of questionnaires at issue and finding this an independent basis for rejecting claims of privilege); *Auto Club Family Ins. Co. V. Ahner*, 2007 WL 2480322, at * 5 (E.D. La. Aug. 29, 2007) (rejecting privilege claim in part because of failure to provide a privilege log).

     For the foregoing reasons, the court finds that plaintiffs have failed to meet their burden of establishing that the documents at issue are protected by either the attorney-client or work product privileges, and that even if plaintiffs had met their burden, any such privilege was waived by their failure to produce a privilege log as required by the Local Rules.  Accordingly, plaintiffs' motion to quash subpoena should be denied.

     IT IS, THEREFORE, ORDERED and ADJUDGED that the motion to quash subpoena [103]  is denied.

     IT IS FURTHER ORDERED AND ADJUDGED that MCM has fourteen (14) days from the date of this Order within which to respond to the Subpoena and produce the requested documents.

SO ORDERED this the 1st day of October, 2007

                                            s/ Michael T. Parker  
                                            United States Magistrate Judge